IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TANIA NUNEZ, JOHNNY CHU, ASHOK D. PANDYA, and DAVID E. STERN, individually and on behalf of all others similarly situated, | : : : : : | |
| Plaintiffs, | : : | CIVIL ACTION NO. 20-4195 |
| v. | : : | |
| B. BRAUN MEDICAL, INC., BOARD OF DIRECTORS AT B. BRAUN MEDICAL INC., THE RETIREMENT COMMITTEE OF B. BRAUN MEDICAL INC., and JOHN DOES 1-30, | : : : : : : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this 21st day of April, 2023, after considering (1) the defendant's[1] motion for summary judgment, statement of undisputed material facts, supporting memorandum, and supporting affidavits along with their accompanying exhibits (Doc. Nos. 77–82), (2) the plaintiffs' response in opposition to the defendant's motion, response to the defendant's statement of undisputed material facts, statement of additional undisputed facts, and supporting declaration along with its accompanying exhibits (Doc. Nos. 91–94), (3) the defendant's reply to the plaintiffs' response and their response to the plaintiffs' statement of additional undisputed material facts (Doc. Nos. 95, 96), (4) the parties' submissions relating to supplemental authorities (Doc. Nos. 97, 98, 102, 105, 109, 111), and (5) the arguments from counsel during oral argument on the motion, it is hereby **ORDERED** as follows:

    1.    The motion for summary judgment (Doc. No. 77) is **DENIED**;[2]

2. The court will hold a telephone conference on **Wednesday**, **April 26, 2023**, at **10:30 a.m.** to set trial dates. Counsel shall call 1-866-434-5269 and use access code 3623011# to enter the conference call; and

3. The clerk of court is **DIRECTED** to **TERMINATE** as defendants B. Braun Medical, Inc., Board of Directors at B. Braun Medical Inc., and John Does 1–30.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[1] When they commenced this action, the plaintiffs originally asserted claims under the Employee Retirement Income Security Act ("ERISA") for (1) breaches of the fiduciary duties of loyalty and prudence against defendant Retirement Committee of B. Braun Medical Inc. (the "Committee") and (2) failing to adequately monitor other fiduciaries against defendants B. Braun Medical Inc. and the Board of Directors of B. Braun Medical Inc. *See* Compl. at 1, 40–44, Doc. No. 1. The defendants filed a motion seeking to dismiss this complaint or, alternatively, strike certain portions of it. *See* Doc. No. 21. The court entered an order granting in part and denying in part the motion to dismiss on June 4, 2021. *See* Doc. No. 49. Because of that order, the plaintiffs' sole remaining cause of action is against the Committee for breach of its fiduciary duty of prudence. *See id.*

[2] The Committee has moved for summary judgment on the plaintiffs' sole remaining claim, arguing that the factual record does not support the existence of a breach of duty of prudence. Nevertheless, because there are genuine issues of material facts regarding the reasonableness of both the Committee's process and actions as the plaintiffs' fiduciary, the court denies the motion for summary judgment.

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Initially, it is the moving party's burden to "demonstrate the absence of a genuine [dispute] of material fact." *Goldenstein v. Repossessors Inc.*, 815 F.3d 142, 146 (3d Cir. 2016) (quoting *Mathews v. Kidder, Peabody & Co.*, 260 F.3d 239, 250 (3d Cir. 2001)). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." *Id.* To survive summary judgment, the non-moving party "cannot rely on unsupported assertions, conclusory allegations, or mere suspicions to defeat a summary judgment motion." *Adefumi v. Lim*, No. 15-1101, 2018 WL 3548969, at *1 (E.D. Pa. July 23, 2018). Instead, it must "set forth specific facts such that a reasonable jury could find in the non-moving party's favor, thereby establishing a genuine issue of fact for trial." *Hugh v. Butler Cnty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005). "When deciding a motion for summary judgment, '[a]ll reasonable inferences from the record must be drawn in favor of the nonmoving party.'" *Goldenstein*, 815 F.3d at 146 (quoting *MBIA Ins. Corp. v. Royal Indem. Co.*, 426 F.3d 204, 209 (3d Cir. 2005)). The court's role at this stage is "not . . . to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 752 (3d Cir. 2019) (quoting *Anderson*, 477 U.S. at 249).

Given the nature of ERISA fiduciary duty cases, courts will rarely resolve them at the summary judgment stage. To prevail in such a case, a plaintiff must demonstrate that the fiduciary failed to both (1) engage in objectively prudent conduct "in arriving at [its] investment decision[s]," and (2) make decisions that led to "objectively prudent investments." *Renfro v. Unisys Corp.*, 671 F.3d 314, 322 (3d Cir. 2011). Thus, the outcome of an ERISA fiduciary duty case hinges on the application of the reasonable person standard. *See Perelman v. Perelman*, No. 10-5622, 2012 WL 3704783, at *4 (E.D. Pa. Aug. 28, 2012); *see also* 29 U.S.C. § 1104(a) (outlining "[p]rudent man standard of

care" for fiduciaries under ERISA). Because of this, courts within this district have denied summary judgment in ERISA fiduciary duty cases under the idea that "[a] determination of reasonableness . . . is properly a question for the [factfinder], and is inappropriate in the summary judgment context." *Pension Fund-Mid Jersey Trucking Indus.-Local 701 v. Omni Funding Grp.*, 731 F. Supp. 161, 169 (D.N.J. 1990); *cf. Gravely v. Speranza*, 219 F. App'x 213, 215 (3d Cir. 2007) (per curiam) ("[D]etermining the question of reasonableness is frequently one that should be left to the ultimate factfinder . . . .").

While this court has serious reservations as to the weight of the evidence, the same conclusion must prevail here. Indeed, both the plaintiffs and the Committee have provided numerous facts of material value supported by the record that create genuine issues in need of being resolved by a factfinder. *See* Def.'s Statement of Material Facts About Which There Is No Genuine Issue to Be Tried in Supp. of Its Mot. for Summ. J. ("Def.'s Facts"), Doc. No. 78; Pls.' Resp. to Def.'s Statement of Materials Facts About Which There Is No Genuine Issue to Be Tried in Supp. of Its Motion for Summ. J. and Statement of Additional Undisputed Facts ("Pls.' Facts"), Doc. No. 92; Def.'s Resp. to Pls.' Statement of Additional Undisputed Facts ("Def.'s Resp."), Doc. No. 96. While the court will not provide an exhaustive list of these disputes, they include, *inter alia*: (1) whether the Committee behaved prudently in waiting until 2019 to swap its target date funds from a mutual fund to a collective investment trust, *see* Def.'s Facts at ¶ 17; Pls.' Facts at ¶ 17, (2) whether the Committee partook in a prudent review of investment options, *see* Def.'s Facts at ¶¶ 19–20; Pls.' Facts at ¶¶ 19–20, 76–78; Def.'s Resp. at ¶¶ 76–78, (3) whether the Committee behaved prudently in deciding to use revenue sharing to pay recordkeeping costs up until 2019, *see* Def.'s Facts at ¶¶ 28, 30, 32–33, 35; Pls.' Facts at ¶¶ 28, 30, 32–33, 35, 69, 71–72; Def.'s Resp. at ¶¶ 69, 71–72, and (4) whether the Committee failed to look into and consider cheaper recordkeeping fee options, *see* Def.'s Facts at ¶¶ 44–47; Pls.' Facts at ¶¶ 44–47, 74; Def.'s Resp. at ¶ 74. These disputes show that summary judgment in the Committee's favor is inappropriate. Instead, the factfinder must ascertain the extent to which the Committee acted prudently as the plaintiffs' fiduciary.